IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

JERRY SALMON                               *

    Plaintiff,                              *

    v.                                          *          1:08-CV-379-WKW
                                                           (WO)
SHERIFF ANDY HUGHES, *et al.*,    *

    Defendants.                         *

_____

**O R D E R**

Plaintiff, an inmate incarcerated at the Houston County Jail, filed this 42 U.S.C. § 1983 action on May 21, 2008. A review of the complaint reflects that Plaintiff names six defendants to this cause of action which concerns a dispute over medical treatment. The complaint fails to identify factual allegations material to specific counts lodged against *each* named defendant and fails to specify the relief Plaintiff seeks in filing this action.

In light of the foregoing, the undersigned concludes that Plaintiff shall be directed to file an amendment to his complaint that respects the requirements of Rule 8, F.R.Civ.P., and the heightened pleading requirement for such cases. *See Magluta v. Samples*, 256 F.3d 1282, 1284-85 (11th Cir. 2001); *Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996); *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998).

Accordingly, it is ORDERED that:

1. On or before **June 6, 2008** Plaintiff file an amendment to his complaint which provides facts to show each named defendant's participation or involvement in his claim with clarity and conciseness. That is, Plaintiff must state what that individual defendant did or failed to do and what he or she knew;

2. Plaintiff shall state briefly the relief he seeks in filing this complaint.

Plaintiff's amended complaint should comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead "'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

Plaintiff is advised that his failure to file an amended complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order.

Done, this 22nd day of May 2008.

  /s/ Susan Russ Walker  
SUSAN RUSS WALKER  
CHIEF UNITED STATES MAGISTRATE JUDGE